**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

EMPLOYEES' RETIREMENT SYSTEM OF THE CITY OF ST. PETERSBURG, FLORIDA, individually and on behalf of all others similarly situated,

Plaintiff,

v.

TEVA PHARMACEUTICAL INDUSTRIES LTD., KARE SCHULTZ, and MICHAEL McCLELLAN,

Defendants.

**No. 2:19-cv-02711-PD**

**Hon. Paul S. Diamond**

**REPLY MEMORANDUM IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO TRANSFER**

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ....................................................................... 1

ARGUMENT ....................................................................................... 3

I. TRANSFER IS APPROPRIATE UNDER THE FIRST-FILED RULE ....... 3

II. ALTERNATIVELY, TRANSFER IS APPROPRIATE UNDER SECTION 1404(A) ............................................. 7

III. THIS COURT SHOULD NOT APPOINT A LEAD PLAINTIFF BEFORE TRANSFERRING THE CASE ................. 8

CONCLUSION ..................................................................................... 8

**PRELIMINARY STATEMENT**

Plaintiff, St. Petersburg, and non-party, Ontario Teachers, offer cursory responses to Defendants' Motion to Transfer, but no valid reason for allowing this case alone to proceed in this Court, unlike every other securities actions currently pending against Teva and individual co-defendants in federal court. Instead, they devote their brief submissions on this topic to trying to find minor factual distinctions between this case and the first-filed *Ontario* action. But their myopic focus on such alleged distinctions is unavailing—not only because there is more than sufficient overlap between this action and *Ontario* to justify transfer, but also because *Ontario* is far from the only case that deserves consideration.

As this Court has explained in its previous transfer rulings, cases need not be complete mirror images to warrant transfer under the first-filed rule or 28 U.S.C. § 1404. *See Phoenix Ins. Co. Ltd. v. Teva Pharm. Indus. Ltd.*, 381 F. Supp. 3d 416, 421, 423-24 (E.D. Pa. 2019); *Grodko* Order[1] 4-5, 8. Here, the core underlying legal theory of the *St. Petersburg* Complaint, which St. Petersburg characterizes as an undisclosed "antitrust conspiracy," St. Petersburg Opp. (Dkt. No. 31) 13, also figures as a central allegation in the *Ontario* action. *See Ontario Teachers' Pension Plan Bd. v. Teva Pharm. Indus. Ltd.*, No. 3:17-cv-558, 2019 WL 4674839, at *26 (D. Conn. Sept. 25, 2019) (holding that the *Ontario* plaintiffs "adequately

[1] Terms not otherwise defined herein have the meanings assigned to them in Defendants' moving brief (Dkt. No. 24) ("MB").

alleged that the defendants were engaged in . . . a price-fixing conspiracy"). St. Petersburg's other main argument—that "no substantive motions have been decided or briefed" in *Ontario*, St. Petersburg Opp. 12—was never true and is plainly false in the wake of the recent *Ontario* ruling on the Teva Defendants' motions to dismiss. *Ontario*, 2019 WL 4674839. The *Ontario* court has extensive familiarity with the issues presented here, not only through two rounds of motions to dismiss briefing and oral arguments on those motions, but also from presiding over the hotly contested lead-plaintiff appointment process in that case. Significant duplication of effort and needless expense would be saved by sending this case to the same court for the same sorts of proceedings based on the same legal issues.

Regardless, *Ontario* is not the only relevant data point because, as Defendants explained, more than *twenty* stock-drop lawsuits have been filed against Teva during the past few years. MB 1. Even if *Ontario* were not enough on its own to warrant transfer—and it is—these other cases pending in the District of Connecticut provide more than enough additional overlap. For instance, as Defendants have already observed, but St. Petersburg and Ontario Teachers ignore, this Court has already ordered the transfer to Connecticut of cases involving Mr. McClellan, in *Phoenix*, *Clal Insurance* and *Mivtachim*, and Mr. Schultz in *Clal Insurance* and *Mivtachim*. *See* MB 11, 15 n.7. St. Petersburg and Ontario

Teachers' observation that those two individuals are not defendants in *Ontario* therefore rings hollow. There is no legitimate reason to require those litigants to face duplicative litigation here when they already face earlier-filed, overlapping claims in Connecticut.

For these reasons and others discussed herein, Defendants' Motion to Transfer should be granted.

## ARGUMENT

### I. TRANSFER IS APPROPRIATE UNDER THE FIRST-FILED RULE.

St. Petersburg and Ontario Teachers do not deny that the *Ontario* litigation, and other cases that have been filed in or transferred to Connecticut because of the pending *Ontario* litigation, were filed well before the complaint in this action. *See* St. Petersburg Opp. 10-11; Ontario Response (Dkt. No. 33) 1-3. Nor do they dispute that the purposes of the first-filed doctrine require a "flexible approach" that favors transfer when the cases are "substantially similar." *Phoenix*, 381 F. Supp. 3d at 419-20; *Grodko* Order 4-5. Instead, they insist, just like the *Phoenix* plaintiffs, that this case is not truly "duplicative" of *Ontario*. That argument is no more successful here than it was in *Phoenix*. *Phoenix*, 381 F. Supp. 3d 416, 421.

First, both St. Petersburg and Ontario Teachers wrongly downplay the inescapable fact that both this case and *Ontario* turn on the same claims and legal theory: that Teva and its officers or employees violated Sections 10(b) and 20(a)

of the federal Securities Exchange Act of 1934 by allegedly engaging in, and failing to, disclose unlawful price-fixing of Teva's generic drug products in violation of the antitrust laws. *Compare Ontario* Compl. ¶¶ 15, 285-309; *Ontario*, 2019 WL 4674839, at *3, *with St. Petersburg* Compl. ¶¶ 2-12. Both complaints purport to support these allegations by referring to the same two governmental investigations: one first launched by the Connecticut Attorney General and the other by the U.S. Department of Justice. *Compare Ontario* Compl. ¶¶ 11-12, 298-301, *with St. Petersburg* Compl. 1-2, ¶¶ 3-5, 10. St. Petersburg acknowledges that this alleged "antitrust conspiracy forms the gravamen of St. Petersburg's case," St. Petersburg Opp. 13, but ignores that the same allegations underlie *Ontario* as well. *See Ontario*, 2019 WL 4674839, at *15 (concluding, in part based on the DOJ and Connecticut attorney general investigations, that "[v]iewing the allegations in the light most favorable to the plaintiffs, the complaint has adequately pled a price-fixing scheme"). Just as in *Phoenix* and *Grodko*, this overlap in claims (§§ 10(b) and 20(a)) and theory of liability (undisclosed alleged price-fixing) is enough to qualify as a "substantial overlap in subject-matter" sufficient to justify adherence to the first-filed rule. *Phoenix*, 381 F. Supp. 3d at 422; *Grodko* Order 9-10.

St. Petersburg and Ontario Teachers are left to quibble over the facts that *Ontario* does not name Messrs. McClellan and Schultz as defendants and targets alleged misstatements that predate the alleged misstatements in this case. But they

fail to explain why either of these points should make a difference in light of flexibility of the first-filed rule as well as the other cases now pending in Connecticut where neither difference applies. They entirely ignore Defendants' observation that Messrs. Schultz and McClellan are named individually in other actions that have been transferred to the Connecticut court. *See Clal* Compl. ¶¶ 38-39; *Mivtachim* Compl. ¶¶ 35-36. Both are also named individually in actions that were originally filed in the Connecticut court before this action was filed here. *See* Complaint, *Migdal Ins. Co. v. Teva Pharm. Indus. Ltd.*, 19-cv-655-SRU (D. Conn.) (filed April 30, 2019); Complaint, *Migdal Mut. Funds, Ltd. v. Teva Pharm. Indus. Ltd.*, 19-cv-923-SRU (D. Conn.) (filed June 13, 2019) ("*Migdal Mut.* Compl."). Mr. McClellan was also a defendant in the *Phoenix* action, and that did not dissuade the Court from ordering transfer. *Phoenix*, 381 F. Supp. 3d at 421.

St. Petersburg and Ontario Teachers also ignore that the relevant periods in many of the other cases now pending in Connecticut cover the time period in this case (August 4, 2017 to May 10, 2019). The *Phoenix* time period extends to February 8, 2018. *Phoenix*, 381 F. Supp. 3d at 421. The time periods in the transferred *Clal Insurance* and *Mivtachim* cases stretch further, to December 10, 2018. *Clal* Compl. ¶ 1; *Mivtachim* Compl. ¶ 1. And the time period in another case that was originally filed in Connecticut—before this case was filed in this Court—stretches further still, to May 30, 2019. *Migdal Mut.* Compl. ¶ 1. Its

allegations of an unlawful antitrust conspiracy overlap completely with this case—contrary to St. Petersburg's unsupported insistence that the "litigation pending in the District Connecticut" does not cover its allegations here. St. Petersburg Opp. 13.

Unable to escape the overlap between its case and the earlier-filed cases in Connecticut, St. Petersburg falsely claims that "[n]o discovery has been taken or served, and no substantive motions have been decided or briefed" in Connecticut. *Id.* at 12. That is no longer true, and never was. Again, St. Petersburg simply ignores Defendants' arguments, which noted that Judge Underhill issued a 28-page opinion appointing a lead plaintiff and that the *Ontario* parties submitted lengthy briefs in two rounds of motions to dismiss. MB 17-18. Since the filing of St. Petersburg's opposition, Judge Underhill has now issued a 74-page motion-to-dismiss opinion, and discovery is getting underway. *Ontario*, 2019 WL 4674839.

Lastly, St. Petersburg maintains that "exceptional circumstances" weigh against transfer because prospective lead plaintiff, HMG, purportedly does not want this Court to review the character of its proposed class counsel. St. Petersburg Opp. 14. But this consideration is plainly irrelevant to *Defendants'* request to transfer, as Defendants "filed none of the actions at issue here." *Phoenix*, 381 F. Supp. 3d at 422; *Grodko* Order 11. HMG, on the other hand, like St. Petersburg, is merely a prospective lead plaintiff, whereas Defendants are

actual, current parties in this case. Particularly when there is no reason for this Court even to decide HMG's and St. Petersburg's competing arguments for lead-plaintiff status before ruling on Defendants' Motion to Transfer, *see infra* Section III; Dkt. No. 25, any alleged misconduct by HMG is irrelevant to the appropriateness of transfer.

In short, there simply are no extraordinary circumstances here that could preclude transfer given the pendency of *Ontario* and other substantially overlapping, earlier-filed litigation in the District of Connecticut.

## II. ALTERNATIVELY, TRANSFER IS APPROPRIATE UNDER SECTION 1404(A).

St. Petersburg's latest arguments against transfer under 28 U.S.C. § 1404(a) add nothing to their unpersuasive arguments the first-filed rule. Again, St. Petersburg insists that "there are significant and meaningful differences between this case" and the many Connecticut actions, and also insists that the Connecticut litigation has not "advanced past the pleading stage." St. Petersburg Opp. 14. But, as was just explained, neither claim is true. *Ontario*, individually, and the Connecticut litigation taken as a group, involve completely overlapping claims, parties, time periods, and legal theories. That overlap makes it far more convenient and efficient to litigate this action alongside the nearly twenty actions moving forward after the Connecticut court's motion to dismiss ruling.

Here, as in *Phoenix* and *Grodko*, the *Jumara* factors favor transfer, especially in light of the related litigation already progressing in Connecticut. *Phoenix*, 381 F. Supp. 3d at 423-24; *Grodko* Order 12-13, 15.

## III. THIS COURT SHOULD NOT APPOINT A LEAD PLAINTIFF BEFORE TRANSFERRING THE CASE.

Finally, St. Petersburg again ignores Defendants' grounds for arguing that lead plaintiff appointment should not occur before transfer. *See* MB 22-23; *see also* Dkt. No. 25. As this Court explained in *Grodko*, such an appointment could undermine the PSLRA's structure and "Judge Underhill's management of the Connecticut action." *Grodko* Order 15. St. Petersburg offers no authority for its contrary suggestion, and merely asserts, unpersuasively, that it would be burdensome for Judge Underhill to consider the adequacy of HMG's proposed class counsel. Defendants respectfully suggest that Judge Underhill is fully capable of reviewing the prospective lead plaintiffs' submissions and coming to his own informed judgment based on his familiarity with the lead-plaintiff process in the *Ontario* action.

## CONCLUSION

For these reasons and the reasons in Defendants' opening Memorandum of Law, Defendants' Motion to Transfer (Dkt. No. 24) should be granted.

DATED: October 9, 2019

Respectfully submitted,

*/s/ Marc J. Sonnenfeld*
Marc J. Sonnenfeld, No. 17210
**MORGAN, LEWIS & BOCKIUS LLP**
1701 Market Street
Philadelphia, PA 19103
Tel: 215.963.5000
Fax: 215.963.5001
marc.sonnenfeld@morganlewis.com

Jordan D. Hershman (*pro hac vice*)
Jason D. Frank (*pro hac vice*)
Emily Renshaw (*pro hac vice*)
**MORGAN, LEWIS & BOCKIUS LLP**
One Federal Street
Boston, MA 02110
Tel: 617.951.8000
Fax: 617.951.8736
jordan.hershman@morganlewis.com
jason.frank@morganlewis.com
emily.renshaw@morganlewis.com

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of October, 2019, a true and correct copy of the foregoing Reply Memorandum in Further Support of Defendants' Motion to Transfer was served by CM/ECF to the parties registered to the Court's CM/ECF system.

*/s/ Marc J. Sonnenfeld*
Marc J. Sonnenfeld