**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **EMPLOYEES' RETIREMENT** | : | |
| **SYSTEM OF THE CITY OF** | : | |
| **ST. PETERSBURG, FLORIDA,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Civ. No. 19-2711** |
| | : | |
| **TEVA PHARMACEUTICAL** | : | |
| **INDUSTRIES LTD., et al.,** | : | |
| **Defendants.** | : | |
| | : | |

## O R D E R

This is the latest Private Securities Litigation Reform Act suit filed in different districts across the country against Teva Pharmaceutical Industries, Ltd., and its directors and officers. Plaintiff alleges that Defendants misled investors about Teva's financial condition.  (Compl., Doc. No. 1.)  Defendants and one movant—HMG Global Initiative, Inc.—have moved to transfer this case to the District of Connecticut under either the first-filed rule or 28 U.S.C. § 1404(a).  (Defs.' Mot. Transfer, Doc. No. 24; HMG's Mot. Transfer, Doc. No. 14.)  In addition, four sets of movants have requested to be designated lead plaintiff, and for approval of their selection of lead counsel. (Doc. Nos. 11, 12, 13, 14.)  Because transfer is appropriate on both grounds set forth by Defendants and HMG, I will grant Defendants' Motion, and refrain from ruling on the other motions.

## I.     PROCEDURAL HISTORY

### A.   The Earlier-Filed Complaints and the Consolidated Action

Between November 6, 2016 and August 3, 2017, three private securities class actions were filed in California and Connecticut against Teva and its officers and employees.  (Defs.' Mot. Transfer 3–6); see Compl., Galmi v. Teva Pharm. Indus. Ltd., Civ. No. 16-08259, Doc. No. 1 (C.D. Cal. Nov. 6, 2016); Compl., Leone v. Teva Pharm. Indus. Ltd., Civ. No. 16-09545, Doc. No. 1

(C.D. Cal. Dec. 27, 2016); Compl., <u>OZ ELS Master Fund. Ltd. v. Teva Pharm. Indus. Ltd.</u>, Civ. No. 17-558, Doc. No. 1 (D. Conn. Aug. 3, 2017).  A derivative action including class actions claims was also brought in Ohio against Teva and its officers.  Compl., <u>Hullemeir v. Teva Parm. Indus. Ltd.</u>, Civ. No. 17-485, Doc. No. 1 (S.D. Ohio July 17, 2017).

On April 3, 2017, Judge Hatter of the United States District Court for the Central District of California consolidated <u>Galmi</u> and <u>Leone</u> because both matters included allegations under §§ 10(b) and 20(a) of the Federal Securities Exchange Act and arose from Defendants' misleading public statements about price-fixing in the pharmaceutical industry.  Order, <u>Galmi</u>, Doc. No. 74 (C.D. Cal. Apr. 3, 2017).  Judge Hatter then transferred the consolidated matter to the District of Connecticut, where a civil antitrust case brought by various states against Teva and other generic-drug companies was pending.  <u>Id</u>.  Judge Underhill of the United States District Court for the District of Connecticut appointed the Ontario Teachers' Pension Plan Board as lead plaintiff in the Connecticut consolidated action.  The Board subsequently filed an amended complaint.  Order, <u>Ontario Teachers' Pension Plan Board v. Teva Pharm. Indus. Ltd.</u>, Civ. No. 17-558, Doc. No. 124 (D. Conn. July 11, 2017); Am. Compl., <u> Ontario Teachers' Pension Plan Board</u>, Doc. No. 141 (D. Conn. Sept. 11, 2017).

On November 17, 2017, Judge Dlott of the United States District Court for the Southern District of Ohio transferred <u>Hullemeir</u> to the District of Connecticut under the first-filed rule in light of substantial overlap with the <u>Ontario Teachers</u> consolidated action.  Order, <u>Hullemeir</u>, Doc. No. 17 (S.D. Ohio Nov. 17, 2017) (overlap in defendants and plaintiff's allegations regarding misrepresentations and price-fixing, and proposed class favored transfer).  Judge Underhill stayed <u>Hullemeir</u> and <u>OZ ELS</u> pending resolution of motions to dismiss filed in <u>Ontario Teachers</u>.  Order, <u>Hullemeir</u>, Doc. No. 37 (D. Conn. Feb. 12, 2018); Minute Entry, <u>OZ ELS</u>, Doc. No. 19 (D. Conn.

Aug. 30, 2017).

On November 1, 2017, two nearly identical securities actions were consolidated before me. Order, <u>Grodko</u>, Doc. No. 16, Civ. No. 17-3743.  On April 10, 2018, I transferred the consolidated action to the District of Connecticut under the first-filed rule, or, in the alternative, under §1404(a), once again in light of substantial overlap with the <u>Ontario Teachers</u> consolidated action.  Order, <u>Grodko</u>, Doc. No. 37, Civ. No. 17-3743; Order, <u>Baker</u>, Doc. No. 17, Civ. No. 17-3902.

On August 3, 2018, Phoenix Insurance Company, Ltd. and related entities filed suit against Teva and current and former directors and officers, also alleging violations of the Securities and Exchange Act.  Doc. No. 1, Civ. No. 18-3305.  On February 22, 2019, I transferred the action to the District of Connecticut under the first-filed rule, or, in the alternative, under § 1404(a), again substantial overlap with the <u>Ontario Teachers</u> consolidated action.  Order, <u>Phoenix Insurance Company, Ltd.</u>, Doc. No. 38, Civ. No. 18-3305.

On February 5, 2019, Clal Insurance Company, Ltd. and other related entities filed suit against Teva and current and former directors and officers, alleging the same violations of the Securities and Exchange Act.  Doc. No. 1, Civ. No. 19-530.  The Parties stipulated to a transfer to the District of Connecticut, and on April 4, 2019, I approved and adopted that stipulation, transferring the action to the District of Connecticut.  Doc. Nos. 25, 26, Civ. No. 19-530.

## B.  The Instant Complaint

On June 21, 2019, the Employees' Retirement System of the City of St. Petersburg, Florida, filed suit individually and on behalf of those similarly situated against Teva and current and former directors and officers under the Securities Exchange Act of 1934.  (Compl. 1, Doc. No. 1.) Originally, Plaintiff filed this action as related to a case within the MDL action pending before this Court: *Connecticut v. Teva Pharmaceuticals USA, Inc.*, Civil Action No. 19-2407.  On June 25,

3

2019, Judge Rufe, to whom the MDL matter is assigned, found that this action was not sufficiently related to the MDL, and ordered the related case designation removed.  (Doc. No. 2 ("given the differences in the parties and the type of claims asserted, [this] case is not properly classified as related to the MDL . . .").)

On August 23, 2019 four sets of movants submitted four separate motions asking to be appointed lead plaintiff: (1) Ramon Geraldino and Paul Huang; (2) Employees' Retirement System of the City of St. Petersburg, Florida ("PERS"); (3) Ezra Erani and David Magana; and (4) HMG Global Initiative, Inc.  (Geraldino Mot., Doc. No. 11; PERS Mot., Doc. No. 12; Erani Mot., Doc. No. 13; HMG Mot., Doc. No. 14.)  HMG's lead plaintiff motion also included a motion to transfer to the District of Connecticut.  (HMG Mot., Doc. No. 14-1.)

Each movant responded in opposition to the other movants' motions, with the exception of Ezra Erani and David Magani, and Paul Huang and Ramon Geraldino, who expressed support for HMG's motion but opposed the others.  (Erani Resp., Doc. No. 20; HMG Resp., Doc. No. 21; Geraldino Notice, Doc. No. 22; PERS, Doc. No. 23.)  PERS also asked me to rule on the lead plaintiff issue before I address Defendants' and HMG's motions to transfer, and also opposes transfer.  (PERS Reply, Doc. No. 31.)  I have not yet ruled on any of the lead plaintiff motions.

Defendants have also moved to transfer the instant action to the District of Connecticut pursuant to the first-filed rule or under § 1404(a).  (Defs.' Mot. Transfer.)  Defendants have also asked me to first rule on the Motion to Transfer, and rule on the lead plaintiff issue only if I deny the Motion to Transfer.  (Defs.' Resp., Doc. No. 25.)  Interestingly, on September 27, 2019, Plaintiff in the original Connecticut action—Ontario Teachers—filed a submission opposing the transfer motions.  (Ontario Teachers Notice, Doc. No. 33.)  Ontario Teachers argues that the instant action is not sufficiently related because it relies on "entirely different alleged false statements and

4

a different theory of falsity than the Connecticut action." (Id.)  Ontario Teachers cites both the different class periods in the Connecticut action, as well as the different categories of misstatements focused on in the two complaints.

The matter has been fully briefed.

## II.   LEGAL STANDARDS

### A.  The First-Filed Rule

As explained by the Third Circuit:

> The first-filed rule encourages sound judicial administration and promotes comity among federal courts of equal rank.  It gives courts 'the power' to enjoin the subsequent prosecution of proceedings involving the same parties and the same issues already before another district court.

E.E.O.C. v. Univ. of Pa., 850 F.2d 969, 971 (3d Cir. 1988); accord Crosley Corp. v. Hazeltine Corp., 122 F.2d 925, 929 (3d Cir. 1941) ("In all cases of concurrent jurisdiction, the court which first has possession of the subject must decide it." (quoting Smith v. McIver, 22 U.S. 532, 535 (1824))).  The rule "permits courts to consolidate similar cases by transferring later-filed cases for consolidation with the first-filed case."  Palagano v. NVIDIA Corp., No. 15-1248, 2015 WL 5025469, at *1 (E.D. Pa. Aug. 19, 2015); see also Chavez v. Dole Food Co., Inc., 836 F.3d 205, 217 & n.48 (3d Cir. 2016) (en banc) (citing 15 Charles Alan Wright et al., Fed. Prac. & Proc. § 3854 & n.12 at 339–43 (4th ed. 2013)).

Although courts differ with respect to the degree of similarity required, a "flexible approach . . . more fully meet[s] the purposes of the first-filed rule."  Law Sch. Admission Council, Inc. v. Tatro, 153 F. Supp. 3d 714, 724 (E.D. Pa. 2015); see also Chavez, 836 F.3d at 216 ("[T]he first-filed rule is 'grounded on equitable principles' and requires district court judges to 'fashion[] a flexible response to the issue of concurrent jurisdiction.'" (second alteration in original)

(footnotes omitted) (quoting <u>E.E.O.C.</u>, 850 F.2d at 977)).  Accordingly, in adopting this "more flexible approach," courts in this Circuit have repeatedly held that "the rule applies to cases that are substantially similar."  <u>Palagano</u>, 2015 WL 5025469, at *2 (collecting cases).  With this greater flexibility, "[t]he applicability of the first-filed rule is not limited to mirror image cases where the parties and the issues perfectly align.  Rather, the principles underlying the rule support its application where the subject matter of the later filed case substantially overlaps with that of the earlier one."  <u>Villari Brandes & Kline, P.C. v. Plainfield Specialty Holdings II, Inc.</u>, No. 09-2552, 2009 WL 1845236, at *6 (E.D. Pa. June 26, 2009).  The "substantive touchstone of the first-to-file inquiry is subject matter."  <u>Id.</u> (quoting <u>Shire U.S., Inc. v. Johnson Matthey, Inc.</u>, 543 F. Supp. 2d 404, 409 (E.D. Pa. 2008)).

Substantial overlap in subject matter between two actions is significant under the first-filed rule.  <u>E.E.O.C. v. Univ. of Pa.</u>, 850 F.2d 969, 971 (3d Cir. 1988) ("[T]he court which first has possession of the *subject* must decide it."); <u>see also</u> <u>Ivy-Dry, Inc. v. Zanfel Laboratories, Inc.</u>, Civ. No. 08-4942, 2009 WL 1851028, at *5 (D.N.J. June 24, 2009) ("[A] plain reading of the Third Circuit's opinion in <u>EEOC</u> strongly suggests that whether the cases share subject matter is more important than the absolute identity of the parties.").  Common claims, allegations, and parties in this action and the Connecticut action underscore shared subject matter.

"[R]are or extraordinary circumstances, inequitable conduct, bad faith, or forum shopping" are appropriate reasons to retain jurisdiction of a later-filed action.  <u>E.E.O.C.</u>, 850 F.2d at 976.

### B.  Transfer

In addition to the first-filed rule, transfer is also appropriate under certain circumstances set forth in § 1404(a):

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might

have been brought or to any district or division to which all parties have consented.

28 U.S.C. § 1404(a).

Congress enacted § 1404(a) "to prevent the waste 'of time, energy, and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (quoting Cont'l Grain Co. v. Barge FBL-585, 364 U.S. 19, 26–27 (1960)). "A motion to transfer under § 1404(a) thus calls on the district court to weigh in the balance a number of case-specific factors." Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988). Although "there is no definitive formula or list of . . . factors to consider, courts have considered many variants of the private and public interests protected by the language of § 1404(a)." Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995) (citation omitted).

> The *Jumara* Court set out private and public interests that I may consider:
> The private interests have included: plaintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).
>
> The public interests have included: the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.

Id. at 879–80 (citations omitted).

## III.   DISCUSSION

Defendants seek transfer to the District of Connecticut under the first-filed rule or § 1404(a). (Defs.' Mot. Transfer.) PERS argues that the first-filed rule does not support transfer and transfer is inappropriate under 1404(a). (PERS Opp'n. 10, 14.) PERS also argues that I should

decide the lead plaintiff issue before the transfer issue.  (Id. at 15.)

### A.  The First-Filed Rule

#### Identifying the First-Filed Case

Plaintiff apparently does not dispute that the Ontario Teachers action was filed before this action.  Rather, PERS argues that the first-filed rule does not support transfer because there is no substantial overlap between the two actions, and that the class period does not overlap with that in Ontario Teachers.  (Id. at 10–14.)  Plaintiff also continues to emphasize this action's "close nexus" with the MDL action pending in this District, and argue that that "close nexus" supports their opposition to transfer.  I disagree.

#### Similarity with the Connecticut Consolidated Action

The subject matter in the present action substantially overlaps with that in Ontario Teachers.  Ontario Teachers is based on "material misstatements and omissions about Teva's U.S. generic drugs business, its financial performance, and in particular its participation in an anticompetitive collusive scheme to manipulate the market for generic drugs," which damaged investors once the inflated price of Teva securities fell.  Am. Compl. ¶ 4, Ontario Teachers' Pension Plan Board, No. 17-cv-558, Doc. No. 141 (Sept. 11, 207).  Here, Plaintiff alleges that "Defendants engaged in a fraudulent scheme to artificially inflate [Teva's] share price," and has consistently denied its involvement in anticompetitive practices.  (Compl. ¶¶ 1, 2, Doc. No. 1.)

That this action has a class period beyond the class period in Ontario Teachers, and that the actions do not share identical defendants, does not preclude the application of the first-filed rule.  QVC, Inc. v. Patiomats.com, LLC, No. 12-3168, 2012 WL 3155471, at *3 (E.D. Pa. Aug. 3, 2012) ("For the [first-filed] rule to apply, there must be a substantial overlap between the two actions, but the issues and parties involved need not be identical.") (internal quotations omitted).

8

In <u>Ontario Teachers</u>, the lead plaintiff seeks to represent the class of persons and entities that acquired Teva American Depository or common stock between February 6, 2014 and August 3, 2017.  Am. Compl. ¶ 28, <u>Ontario Teachers' Pension Plan Board</u>, Doc. No. 141.

Although Plaintiff has alleged conduct spanning August 4, 2017 to May 10, 2019, <u>Ontario Teachers</u> and the previously transferred cases encompass most of the defendants and allegations in this action.  Teva has been named as a Defendant in all the previously transferred actions, McClellan was named in <u>Mivtachim</u>, <u>Clal</u>, and <u>Phoenix</u>, and Schultz was named in <u>Mivtachim</u> and <u>Clal</u>.  <u>Compare</u> (Compl. ¶¶ 18–20) <u>with</u> Am. Compl. ¶¶ 24–31, <u>Ontario Teachers' Pension Plan Board</u>, Doc. No. 226, <u>and</u> Consol. Compl. ¶¶ 12–39, <u>Ontario Teachers' Pension Plan Board</u>, Doc. No. 129, <u>and</u> <u>Compl</u>. ¶¶ 3, 35, 36, <u>Mivtachim</u>, Doc. No. 1, <u>and</u> Compl. ¶¶ 26, 38, 39, <u>CLAL</u>, Doc. No. 1, <u>and</u> Compl. ¶¶ 44, 56, Doc. No. 1.

In addition, the claims in both actions are nearly identical.  The <u>Ontario Teachers</u> lead plaintiff brings claims under: (1) § 10(b) of the Exchange Act and Rule 10b-5; (2) § 20(a) of the Exchange Act; (3) §§ 11, 12(a)(2), and 15 of the Securities Act of 1933; and (4) the Israel Securities Law of 1968.  Am. Compl. ¶¶ 341–47, 397–442, <u>Ontario Teachers' Pension Plan Board</u>, Doc. No. 226.  The claim under the Israel Securities Law of 1968 was dismissed from the *Ontario Teachers* action.  <u>Compare</u> Sec. Am. Compl., <u>Ontario Teachers' Pension Plan Board</u>, Doc. No. 226 <u>with</u> Am. Compl. ¶¶ 1076–84, <u>Ontario Teachers' Pension Plan Board</u>, Doc. No. 141.  Plaintiff here brings claims under § 10(b) of the Exchange Act and Rule 10b-5 and § 20(a) of the Exchange Act. (Compl. ¶ 1.)

Although the theories of liability in the cases differ, the factual background and subject matter remain substantially similar.  In the Connecticut action, liability is premised on Teva's alleged representations about drug pricing trends and competition.  <u>See</u> Am. Compl., <u>Ontario</u>

9

Teachers' Pension Plan Board, Doc. No. 226.  Here, liability is premised on Teva's denial of antitrust liability over a different period and focuses particularly on Teva's alleged misrepresentations in media reports and SEC filings.  (Compl. ¶¶ 5–12.)  Regardless, the subject matter of both actions is premised on Teva's alleged involvement in an industry-wide price-fixing scheme.

Given this substantial overlap in subject-matter, transfer under the first-filed rule would prevent inconsistent rulings and duplication of judicial effort.  See Catanese, 774 F. Supp. 2d at 688; see also E.E.O.C. v. Univ. of Pa., 850 F.2d 969, 971 (3d Cir. 1988). In these circumstances, even though Plaintiff here alleges a different class period and theory of liability than in Ontario Teachers, the action's subject matter remains substantially similar.

### Rare or Extraordinary Circumstances

Nothing suggests that I should refrain from applying the first-filed rule.  Forum shopping is not a concern: Defendants filed none of the actions at issue here.  (Def.'s Mot. Transfer 17); see also E.E.O.C, 850 F.2d at 978 (the forum shopping exception applies only when a plaintiff shows that a defendant in the second action filed the first action to avoid the second forum); FMC Corp. v. AMVAC Chem. Corp., 379 F. Supp. 2d 733, 745 (E.D. Pa. 2005).  Indeed, Teva sought transfer of the originally filed action from California to this District.  Galmi v. Teva Pharm. Indus. Ltd., Civ. No. 16-08259, (C.D. Cal. Apr. 3, 2017).  The California court chose, however, to transfer the action to the District of Connecticut.  Moreover, this action has not progressed beyond the stage reached in Ontario Teachers, nor has there been any showing of bad faith.  Ontario Teachers' Pension Plan Board, et al, No. 17-cv-558, (D. Conn. June 22, 2018); see also E.E.O.C, 850 F.2d at 976.  Indeed, a motion to dismiss in Ontario Teachers was recently decided in a seventy-four page opinion.  Ontario Teachers' Pension Plan Board, et al., No. 17-cv-

558 (D. Conn. Sept. 25, 2019); (HMG Not., Doc No. 34-1.)  PERS maintains that HMG's transfer motion is made in bad faith, although it makes no such allegation regarding Defendants' transfer motion.  (PERS Resp. 23.)

In sum, transfer is proper under the first-filed rule.

### B. Section 1404(a)

In the alternative, I conclude that the Jumara factors weigh strongly in favor of transfer under § 1404(a).

#### Jurisdiction over Plaintiff's Pennsylvania Claims

Section 1404(a) allows transfer to "any other district" where a plaintiff could have originally brought the action.  28 U.S.C. § 1404(a).  PERS nowhere suggests that it could not have brought its claims in Connecticut.  Rather, Plaintiff focuses on the Jumara factors.

Section 1404(a) authorizes transfer "if the plaintiff had an 'unqualified right' to bring the action in the transferee forum at the time of the commencement of the action."  Shutte v. Armco Steel Corp., 431 F.2d 22, 24 (3d Cir. 1970).  So long as the claim "might have been brought" in the transferee court, transfer is authorized.  28 U.S.C. § 1404(a).  As Defendants correctly point out, there is no question that Plaintiff could have brought this action in the District of Connecticut.  (Def.'s Mot. Transfer 19); 28 U.S.C. § 1391(c)(3).

Accordingly, I must proceed to the Jumara factors.

#### The Parties' Forum Preferences

Plaintiff argues that the "paramount consideration" is the plaintiff's choice of forum, and that its choice should be given deference.  (PERS Resp. 26); see also Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970).  A plaintiff's choice of forum is not dispositive, however.  Samuels v. Medytox Sols., Inc., Civ. No. 13-7212, 2014 WL 4441943, at *8 (D.N.J. Sept. 8,

2014).

The plaintiff's choice of forum "is given less weight" when the chosen forum is not "its state of residence."  Weber v. Basic Comfort Inc., 155 F. Supp. 2d 283, 285 (E.D. Pa. 2001); see also Lony v. E.I. Du Pont de Nemours & Co., 886 F.2d 628, 633 (3d Cir. 1989).  Plaintiff here is an institutional investor located in St. Petersburg, Florida.  This certainly weakens the deference I will accord Plaintiff's forum choice.

Moreover, "the existence of a related action in another district is a sound reason for favoring transfer when the venue is proper there, even though the transfer conflicts with the plaintiff's choice of forum."  Villari Brandes & Kline, P.C. v. Plainfield Speciality Holings II, Inc., Civ. No. 09-2552, 2009 WL 1845236, at *5 (E.D. Pa. June 26, 2009).  Although Defendants may have initially sought transfer of Galmi and Leone to this District, the situation has changed, given the consolidated action's progress in the District of Connecticut.  Compare Order, Galmi v. Teva Pharm. Indus. Ltd., Civ. No. 16-08259, Doc. No. 74 (C.D. Cal. Apr. 3, 2017) with (Defs.' Mot. Transfer 20–21.)  Defendants' preference to litigate substantially similar claims in the same district is thus entirely reasonable.

In sum, the venue of the consolidated Ontario Teachers action favors transfer to the District of Connecticut.

### Whether the Claims Arose Elsewhere

This factor does not favor transfer.  When a Plaintiff's cause of action "arises from strategic policy decisions of a defendant corporation, the defendant's headquarters can be considered the place where" claims arose.  Palagano v. NVIDIA Corp., Civ. No. 15-1248, 2015 WL 5025469 at *5 (E.D. Pa. Aug. 25, 2015).  Here, Teva's North American subsidiary headquarters are in this District.  (See Compl. ¶¶ 44–45; Defs.' Mot. Transfer 4.)  Accordingly,

Plaintiff's claims arose in this district.

### *The Parties' Convenience*

Plaintiff argues that this District is the most convenient because of the "close nexus" between this action and the MDL and State AG Action in this District "underpinning St. Petersburg's claims." (PERS Resp. 27.)  Over three months ago, however, Judge Rufe found that this action was insufficiently related to the MDL for it to be marked as related. (Doc. No. 2 ("given the differences in the parties and the type of claims asserted, [this] case is not properly classified as related to the MDL . . .").)

Moreover, because this is one of many actions filed against Teva asserting identical claims—eight of which are pending in the District of Connecticut,—this District is not the most convenient.  Rather, the record suggests that transfer would promote convenience, as Defendants will necessarily assume the vast bulk of the discovery burden.  In re Glob. Cash Access Holdings Inc. Sec. Litig., Civ. No. 08-3516, 2008 WL 4344531, at *4 (S.D.N.Y. Sept. 18, 2008) (key witnesses in securities class actions are often officers and employees of issuer defendants); Blass v. Capital Int'l Sec. Grp., Civ. No. 99-5738, 2001 WL 301137, at *6 (E.D.N.Y. March 23, 2001) ("Securities fraud litigation almost invariably involves production and review of a vast number of documents, almost all of which will be in the defendants' possession."); Given Defendants' discovery burden, however, litigating "identical actions" in two different districts "would inevitably include duplication of a large amount of discovery and documentary evidence." Catanese v. Unilever, 774 F. Supp. 2d 684, 690 (D.N.J. 2011).

In sum, this factor favors transfer.

### *The Convenience of the Witnesses*

Plaintiff argues that several non-party witnesses—Teva's alleged co-conspirators who are

13

also named as defendants in the State AG Action—may not be subject to compulsory subpoena

power if this action is transferred to the District of Connecticut.  (PERS Resp., 28–29.)  Thus,

Plaintiff argues that if I transfer this action to Connecticut, it will be deprived "of its ability to

compel crucial witnesses to testify at trial."  (Id.)

As discussed above, however, Plaintiff's arguments regarding the relatedness of this

action and the MDL and State AG action is insignificant—this action is no longer marked as

related to the MDL, and was expressly determined not to be sufficiently related.  Moreover, the

Galmi Court transferred the case to Connecticut rather than this District because all non-party

witnesses were located in either Connecticut or Washington D.C.  Galmi v. Teva Pharm. Indus.

Ltd., Civ. No. 16-08259, Doc. No. 74 at 4 (C.D. Cal. Apr. 3, 2017).  Accordingly, even though

Plaintiff's ability to be able to compel witnesses is important, the District of Connecticut remains

convenient to a large portion of other non-party witnesses.

In these circumstances, this factor does neither weighs for or against transfer.

### The Location of the Books and Records

Plaintiff argues that because Teva's North American headquarters is in this District,

many discoverable documents and records are also here.  (PERS Resp. 29.)  Yet, Defendants

have not indicated that discovery materials would be less available if the matter were transferred.

Plainly, given the ubiquity of electronically stored documents, this factor is neutral.  See Panitch

v. Quaker Oats Co., Civ. No. 16-4586, 2017 WL 1333285, at *7 (E.D. Pa. Apr. 5, 2017) ("[T]he

technological advances of recent years have significantly reduced the weight of this factor in the

balance of convenience analysis.").

### Public Interest

Avoiding duplicative litigation furthers judicial and lawyer efficiency, as well as

consistency of results.  "To permit a situation in which two cases involving precisely the same

issues are simultaneously pending in different District Courts leads to the wastefulness of time,

energy and money that §1404(a) was designed to prevent."  Cont'l Grain Co. v. Barge FBL-585,

364 U.S. 19, 26 (1960); see also Goggins v. Alliance Capital Management, L.P., 279 F. Supp. 2d

228, 234–35 (S.D.N.Y. 2003).  Although the issues presented here are not "precisely the same,"

they remain substantially similar, as I have discussed.

Once again, Plaintiff's argument that the "close nexus" between this action and the MDL

and State AG Action will promote judicial efficiency is not convincing.

Accordingly, this factor weighs in favor of transfer.

In sum, Defendants have shown that the private and public Jumara factors weigh in favor

of transfer under §1404(a).

## IV.    CONCLUSION

For the foregoing reasons, I will grant Defendant's Motion, and transfer this matter to the

District of Connecticut under the first-filed rule; in the alternative, I will order transfer under 28

U.S.C. § 1404(a).  I will thus not rule on the various lead plaintiff motions.


**AND NOW**, this 3rd day of October, 2019, upon consideration of Defendants' Motion to

Transfer (Doc. No. 24), St. Petersburg's Reply (Doc. No. 31), HMG's Motion to Transfer and for

Lead Plaintiff (Doc. No. 14), St. Petersburg's Response (Doc. No. 23), and the three other

Motions for Lead Plaintiff and Responses thereto (Doc. Nos. 11, 12, 13, 20, 21, 22, 25, 26, 32,

33, and 34), it is hereby **ORDERED** that:

1. Defendants' Motion to Transfer (Doc. No. 24) is **GRANTED**;

2. HMG's Motion for Lead Plaintiff and to Transfer (Doc. No. 14) is **DENIED as moot**;

3.  The remaining Lead Plaintiff Motions (Doc. Nos. 11, 12, and 13) are

    **TERMINATED**;

4.  The Parties' Stipulation and Proposed Order (Doc. No. 35) is **DENIED AS MOOT**;

    and

5.  The **CLERK OF COURT** shall **TRANSFER** this case to the United States District

    Court of Connecticut and shall **CLOSE** this case.


                                            **AND IT IS SO ORDERED.**


                                            _/s/ Paul S. Diamond
                                            Paul S. Diamond, J.

16